UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN IPINA MENDOZA (A No. 216-445-992),

Petitioner,

v.

WARDEN OF CENTRAL VALLEY ANNEX DETENTON FACILITY,

Respondent.

Case No. 1:26-cv-08168-JLT-HBK

ORDER GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION TO APPOINT COUNSEL; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 3, 4)

## I. INTRODUCTION

Before the Court is Juan Ipina Mendoza's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that Petitioner is lawfully detained under 8 U.S.C. § 1226(a). For the reasons set forth below, the Court **GRANTS IN PART** the habeas petition.[1]

///

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 7.) Respondents do not request a hearing or further briefing. (Doc. 9.) Petitioner did not file a reply. Thus, the Court decides this case on the underlying habeas petition on the present record.

## II. JURISDICTION

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks an individualized bond hearing because he was re-detained without due process of law in violation of the Fifth Amendment. (Doc. 1 at 25–28.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Therefore, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III. FACTUAL BACKGROUND

Petitioner is from Mexico. (Doc. 1, ¶ 1.) Petitioner entered the United States sometime in 2001 but voluntarily returned to Mexico. (*See* Doc. 12-1 at 2.) Petitioner re-entered the United States at an unknown time and place but was later encountered by ICE in June 2018 after being released from local county jail. (*Id.*) On June 6, 2018, Petitioner was arrested by ICE pursuant to an I-200 administrative warrant, placed into removal proceedings pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, and released on a $10,000 bond. (Doc. 12-2 at 1; Doc. 12-3 at 1; Doc. 12-4 at 1.) On January 11, 2023, an Immigration Judge dismissed Petitioner's removal proceedings based on a joint motion to dismiss filed by Petitioner and DHS. (Doc. 12-5 at 1–2.) On March 23, 2023, DHS then cancelled Petitioner's bond because ICE had determined that the conditions of the bond had been satisfied. (Doc. 12-6 at 1.)

Years later, on September 2, 2026, Petitioner was arrested by local police for indecent exposure. (Doc. 9-1 at 2.) Local police contacted ICE, who then took Petitioner into custody. (*Id.*) It does not appear that Petitioner was ultimately charged in connection with this offense. (*See id.*; *see also* Doc. 9-4 at 4–6.) That day, ICE issued an I-200 Administrative Warrant for Petitioner's arrest and a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (Doc. 9-2 at 1; Doc. 9-3 at 1–4.) ICE then transferred Petitioner to the Central Valley Annex Detention Facility, where he remains. (Doc. 1, ¶ 1.) Petitioner is not currently subject to a final order of removal. [2]

On October 5, 2026, Petitioner filed a petition for writ of habeas corpus and a TRO arguing that his re-detention violates the Fifth Amendment Due Process Clause. (*See* Doc. 1 at 25–28; Doc. 4 at 16–21.) On October 13, 2026, Respondents filed an opposition arguing that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and indicating they have "no objection to the Court ordering a bond hearing." (Doc. 9 at 1.) Petitioner did not file a reply.

## IV. DISCUSSION

As Respondents concede (Doc. 9 at 1), Petitioner's detention is controlled by 8 U.S.C. § 1226(a), as someone who was previously encountered and apprehended by immigration officials, and subsequently released on bond into the interior of the country. (*See* Doc. 12-4 at 1); *see Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, Petitioner's re-detention without a pre-deprivation hearing violated

---

[2] *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited October 28, 2026).

the Due Process Clause of the Fifth Amendment.[3]

However, that is not the end of the inquiry. The record indicates that Petitioner was recently arrested for indecent exposure on September 2, 2026. (Doc. 9-1 at 2.) Though it appears that Petitioner was not charged for this offense, (*id.*; *see also* Doc. 9-4 at 4–6), the Court finds that "Respondents may well have a legitimate interest in Petitioner's detention based on information contained in the arrest report. . . the Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interests in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026). Notably, a criminal conviction is not required before Petitioner may be found to be in violation of the terms of his 2018 release on parole. (*See* Doc. 12-4 at 1.) For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.
2. The motion to appoint counsel (Doc. 3) is **DENIED**.[4]
3. The motion for temporary restraining order (Doc. 4) is **DENIED AS MOOT**.
4. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider

[3] Because the Court **GRANTS** a substantive bond hearing based on the Fifth Amendment due process violation, the Court declines to address Petitioner's additional claims. (*See* Doc. 1, ¶¶ 81–89.)

[4] Petitioner also asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, because the Court **GRANTS IN PART** the habeas petition and orders a substantive bond hearing, the interests of justice do not require appointment of counsel.

Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

5. **At least 72 hours** before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

6. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

7. The Clerk of Court is directed to serve the Central Valley Annex Facility in McFarland, California, with a copy of this Order.

8. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: October 29, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE